**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

YEYSON YADIEL CARDENAS JAVIEL,

Petitioner,

v.

TODD BLANCHE, *et al.*,

Respondents.

Civil Action No. 26-5018 (ZNQ)

**MEMORANDUM OPINION**

**QURAISHI, District Judge**

This matter comes before the Court on Petitioner's habeas petition challenging his ongoing immigration detention. (ECF No. 1.) Following an order to show cause, the Government filed a response to the petition (ECF No. 6), to which Petitioner replied. (ECF No. 7.) For the following reasons, the petition is granted, and Petitioner shall be accorded a bond hearing pursuant to 8 U.S.C. § 1226(a) within ten days.

Petitioner is a native and citizen of the Dominican Republic who crossed the United States border without admission or inspection in July 2022. (ECF No. 6-1 at 2-3.) Petitioner was apprehended by border officials in Arizona, and taken to a processing facility in Tucson. (*Id.* at 3.) On August 4, 2022, Petitioner was release on $3000 bond. (*Id.*) He was later enrolled in the Compliance Assistance Reporting Terminal (CART) program to manage his reporting to immigration officials during his release on bond. (*Id.*) On March 25, 2026, Petitioner failed to report as required under the CART program and was deactivated from the program. (*Id.*) His bond was ultimately cancelled, and Petitioner was taken into custody by immigration officers on April 9, 2026. (*Id.*) Since that time, he has been detained without a bond hearing pursuant to the

1

Government's current interpretation of 8 U.S.C. § 1225(b)(2). (*Id.*) In his habeas petition, Petitioner argues that his detention without the opportunity to seek bond is unlawful. (ECF No. 1.)

In responding to Petitioner's habeas petition and this Court's order to show cause, the Government contends that Petitioner is lawfully detained as an applicant for admission under 8 U.S.C. § 1225(b)(2). (*See* ECF No. 6.) The Government recognizes, however, that their position relies on statutory-interpretation arguments which this Court has repeatedly rejected in finding that § 1225(b)(2) does not apply to aliens who have resided within the United States for a lengthy period of time after crossing the border without being admitted or paroled. *See, e.g., Valerio v. Joyce*, No. 25-17225, 2025 WL 3251445 (D.N.J. Nov. 21, 2025); *see also Hueso v. Soto*, No. 26-1455, 2026 WL 539271, at 3 (D.N.J. Feb. 26, 2026); *Tyagi v. Soto*, No. 26-962, 2026 WL 478184, at *1 (D.N.J. Feb. 20, 2026). As Petitioner clearly falls into this category as he is an alien who entered the United States without admission or inspection and has remained in the United States for several years prior to his April 9, 2026, arrest, he may not be held under 8 U.S.C. § 1225(b)(2). *See, e.g., Valerio*, 2025 WL 3251445, at *3. Petitioner's continued mandatory detention under § 1225(b)(2) is therefore unlawful. *Id*. Petitioner's habeas petition shall therefore be granted.

Turning to the question of the appropriate relief, the Government argues that the Court should provide Petitioner only with the bond hearing to which he would be entitled under 8 U.S.C. § 1226(a). *See, e.g., Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018) (potentially removable aliens not subject to mandatory detention statutes are subject to detention under 8 U.S.C. § 1226(a) under which they are entitled to a bond hearing at which they can secure bond by demonstrating they are neither a flight risk or danger). As this Court has previously observed, a court facing unlawful detention under § 1225(b)(2) for an alien such as

Petitioner who would otherwise be subject to lawful detention under 8 U.S.C. § 1226(a) has two options – to correct the unlawful application of § 1225(b)(2) by ordering the bond hearing to which the alien is entitled under § 1226(a), or to grant outright release. *See, e.g., Fajardo-Nugra v. Soto*, No. 26-975, 2026 WL 579192, at *2 (D.N.J. Mar. 2, 2026). This Court has generally found that release is an appropriate remedy in those cases where the Government did not provide the alien with the procedural protections and rights available under § 1226(a). *Id.* That, however, is not the case here.

In this matter, Petitioner was previously taken into custody under § 1226(a) and released on $3000 bond. Petitioner remained on that bond until he violated the terms of the CART program by failing to report as directed, resulting in the cancellation of his bond and his current return to custody. Petitioner thus did receive the initial protections applicable to § 1226(a) detainees, and his own deeds while released on bond directly contributed to his return to custody. Under those circumstances, outright release would prove an unwarranted windfall to Petitioner, and would unduly impact the Government's ability to monitor and detain those aliens who do not comply with the terms of their bond. In light of Petitioner's history, this Court therefore finds that the appropriate relief in this matter is a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations. *See Valerio*, 2025 WL 3251445, at *3-4; *Aguilar Ramos v. Soto*, No. 25-15315, 2025 WL 3251447, at *1-2 (D.N.J. Nov. 21, 2025).

3

Petitioner's habeas petition (ECF No. 1) shall therefore be granted, and the Government shall provide Petitioner with a bond hearing before an immigration judge pursuant to 8 US.C. § 1226(a) within ten days.  An order consistent with this Memorandum Opinion will be entered.

Date: May 19, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**